MANUEL MORAZA, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN JUAN, (FIRST SECTION), Respondent.

No. 897. Submitted November 10, 1933.—Decided November 29, 1933.

*Manuel Moraza, in pro. per.,* for appellant. The registrar appeared by brief.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

Manuel Moraza purchased an urban property of 18,274.33 meters in the ward of Santurce, Municipality of San Juan, at the public sale held by the collector of internal revenue on February 29, 1932, for the collection of taxes due on said property by Octaviano J. Herrera. The certificate of purchase issued by the collector of internal revenue recites that

the property is subject to a mortgage lien in favor of J. Ochoa & Bro., which lien is represented by a note. On July 22, 1933, said certificate was presented for record in the registry of property. The registrar refused to make the record sought in the following decision:

"Record of this document is denied on the ground that the property to which it refers, such as the same is described and determined, is not recorded in the name of Octaviano J. Herrera or of any other person; and, further, because on the assumption that the mortgage in favor of J. Ochoa and Brother, which burdens it according to the title, is represented by a promissory note, proper notices (*edictos*) have not been published, in accordance with the law, notifying the sale to the subsequent holders of the note or notes which represent said mortgage. A cautionary notice of such denial has been entered for the statutory period of 120 days, at folio 210 of volume 161 of Santurce, North Section, property No. 6944, inscription A."

The appellant urges that the registrar erred in denying the record of the certificate of sale on the ground that the property is not recorded in the name of Octaviano J. Herrera or of any other person, since the certificate issued by the registrar himself shows that the spouses Octaviano J. Herrera and María Gorbea recorded in the registry of property an estate containing 47,935.93 meters, from which they segregated two parcels: one of 9,271.85 meters which was recorded in the registry of property, and another of 9,002.48 meters which was also recorded in the registry, both parcels forming, when added, the property of 18,274.33 meters described in the certificate of purchase of the property, sold at public auction and awarded to the appellant.

We are of opinion that the registrar was justified in denying the record. The circumstance that the total area of both parcels is equal to that which is stated in the certificate of purchase, does not necessarily mean that the property sold is composed of those two parcels. If the fact is as claimed, the collector of internal revenue should have stated in the

certificate that the property sold at auction was formed by consolidating the two parcels of land. The registrar can not guess, without precise information to justify his conclusion, that two tracts of land appearing in the registry recorded in the name of Octaviano J. Herrera form, by adding their respective areas, the property which was the object of the public sale and which is described in the certificate.

As to the second ground adduced by the registrar to deny the record, if the mortgage is actually represented by notes, service of notice by publication must be resorted to in accordance with the doctrine laid down in the case of *Moraza* v. *Registrar*, decided today, *ante*, p. 804.

The decision appealed from must be affirmed.